# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BRADLEY A. GEBHART,**

      **Plaintiff,**

v.                                                     **Case No.: 2:19-cv-3066**
                                                        **JUDGE GEORGE C. SMITH**
                                                        **Magistrate Judge Jolson**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER

This case is before the Court to consider the *Report and Recommendation* issued by the Magistrate Judge on February 26, 2020. The Magistrate Judge recommended that Plaintiff's Statement of Errors be overruled, the decision of the Commissioner of Social Security be affirmed, and that judgment be entered in favor of Defendant, the Commissioner of Social Security. (Doc. 16). This matter is now before the Court on Plaintiff's Objections to the Magistrate Judge's *Report and Recommendation*. (Doc. 17). The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff raises one main objection to the Magistrate Judge's *Report and Recommendation* and also urges the Court to review all Plaintiff's arguments set forth in detail in the Statement of Specific Errors. Plaintiff specifically argues that the ALJ improperly discredited all of the treating and examining sources of record and gave the most weight to the state agency non-examining reviewers.

The Magistrate Judge carefully considered this argument and Plaintiff merely disagrees with her conclusions. Both the ALJ and the Magistrate Judge thoroughly analyzed the chronology of the treating and examining sources of record. Most were discredited due to the length of time between the opinion and date of last insured. Plaintiff, however, argues that just because some of the opinions were provided post-date last insured does not automatically mean that they are not relevant to the time period prior to the date last insured as they relate back to the relevant time period. Again, the Magistrate Judge considered this and stated that "[w]hile the medical opinions from after the date last insured could arguably be said to relate back to the relevant time period because each concerns prolonged physical and mental health issues stemming from Plaintiff's January 2015 accident, they do not explicitly do so." (Doc. 16, R&R at 9).

The Court has carefully considered Plaintiff's arguments, but ultimately agrees with the Magistrate Judge's conclusion that the ALJ properly considered the fact that all but one of the treating and examining sources issued his or her opinion years after the date last insured. Other courts have held that "[s]imply reciting a claimant's medical history does not act to relate the claimant's medical condition back to an earlier date such as to opine about his limitations at that earlier point in time." *See Abney v. Astrue*, No. CIV A 507-394-KKC, 2008 WL 2074011, at *7 (E.D. Ky. May 13, 2008). Further, it is clear that the ALJ thoroughly reviewed the record and provided sufficient explanation, other than timing, for rejecting those opinions, such as lack of objective evidence or being inconsistent with the evidence of record.

Based on the aforementioned and the detailed *Report and Recommendation*, the Court finds that Plaintiff's objection has been thoroughly considered and is hereby **OVERRULED**. Accordingly, the *Report and Recommendation,* Document 16, is **ADOPTED** and **AFFIRMED.**

The Clerk shall remove Documents 16 and 17 from the Court's pending motions list and enter final judgment in favor of Defendant, the Commissioner of Social Security.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**